Filed 6/28/22 P. v. Clair CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G060644 |
|      v. | (Super. Ct. No. C57572) |
| KENNETH CLAIR, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge. Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*      \*      \*

FACTS

Every case is unique. No matter how much it resembles other cases, the parties and the issues are unique to that individual case. And we treat every case with that distinctiveness in mind, striving to give attention to the nuances which distinguish each.

But this case raises singularity to a new level. This case is before us on a *Wende*[1] motion filed almost 40 years after the underlying crime. Defendant Clair was convicted of murder and two counts of burglary in 1987 for a crime committed in 1984. The jury found the special circumstance that the murder was committed in the course of a burglary to be true and returned a death penalty verdict, which the trial court imposed in its judgment.

In 1992, the California Supreme court affirmed the trial court's judgment (*People v. Clair* (1992) 2 Cal.4th 629). Collateral attacks followed and the case wound its way through federal district court, the Ninth Circuit Court of Appeal, and the United States Supreme Court. (*Marte, Warden v. Clair* (2012) 565 U.S. 648.) It ended up in the Ninth Circuit for a second time in 2015, and was remanded back to the federal district court with directions to "return the case to the state court to reduce Doe's sentence to life without parole, unless the State of California elects to pursue a new capital sentencing proceeding . . . ." (*Doe v. Ayers* (Ninth Cir. 2015) 782 F. 2d 425, 466 [companion case].) This was done.

Back in the state court, Clair's counsel mounted a valiant attack on the special circumstances finding, only to have the prosecution notify the court it was no longer seeking imposition of the death penalty. In 2016, Clair filed a motion to represent himself (*Faretta v. California* (1975) 422 U.S. 806). That was granted. A year later, Clair asked to have counsel appointed to assist him. That request was also granted.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

After briefing by counsel, the court held hearings, found no prohibitions thereto, and sentenced appellant to an indeterminant sentence with no eligibility for parole, as the Ninth Circuit had directed. Clair appealed and we appointed counsel to represent him on that appeal. Counsel filed a brief which fully set forth the facts of the case. Counsel did not argue against his client but advised us he could find no issues to argue on appellant's behalf. Appellant was invited to express his own objections to the proceedings against him but did not. Under California law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of Clair's lot. (*People v. Wende, supra,* 25 Cal.3d 436.) It should be emphasized that our search was not for issues upon which Clair *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. This is not surprising. In fact, it is what we find in the vast majority of cases in which appellate counsel files a *Wende* brief. Even the most cynical observer of the legal system would have to recognize that appellate counsel has a financial incentive for finding issues. The simple matter is counsel makes more money if he/she finds an issue that is arguable than if he/she does not. So while it sometimes happens that an appellate court will find issues after appellate counsel has thrown in the towel, it is unusual.

It is even less surprising here where myriad lawyers and judges have combed through the record looking for the same thing we did: issues. This case has been subjected to every conceivable level of scrutiny, and what has come before us for review is an order doing precisely what the Ninth Circuit interpreted the Supreme Court's resolution of the matter to require

We see nothing to indicate any of the people who have reviewed the matter before us has erred. We have searched for other issues and we have found none we think

3

has any chance of success.  We believe counsel's decision to file a *Wende* brief was well-advised.  The judgment is affirmed.



BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.

4